UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY ROBERT PETROZZI,

        Plaintiff,

   v.

JAY INSLEE, et al.,

        Defendant.

CASE NO. C20-6000 BHS

ORDER TO SHOW CAUSE REGARDING BAR ORDER

This matter comes before the Court on Plaintiff Timothy Robert Petrozzi's ("Petrozzi") proposed complaint. Dkt. 1.

On October 5, 2020, Petrozzi filed the instant proposed complaint against numerous government officials and entities. *Id.* Petrozzi neither paid the filing fee nor filed a motion to proceed *in forma pauperis*. Moreover, Petrozzi filed 76 identical cases requesting that the Clerk open each separate case without the filing fee or a motion to proceed *in forma pauperis*.

This is not Petrozzi's first interaction with the Court. On August 11, 2020, Petrozzi filed a similar case against numerous government officials and entities without paying the filing fee or filing a motion to proceed *in forma pauperis*. *Petrozzi v.*

ORDER - 1

*Washington State Governor's Office*, C20-5810BHS (W.D. Wash.). Attached to that complaint, Petrozzi informed the Court that he was going to file 35 similar cases. *Id.*, Dkt. 1 at 7. On October 7, 2020, the Court dismissed that complaint without prejudice for failure to prosecute. *Id.*, Dkt. 4.

On June 14, 2018, Petrozzi filed another complaint against numerous government officials and entities. *Petrozzi v. State of Washington*, C18-5502BHS (W.D. Wash.). Although the Court eventually granted Petrozzi's motion to proceed *in forma pauperis*, the Court ultimately dismissed the complaint for failure to prosecute. *Id.*, Dkt. 31.

This Court has inherent power under the All Writs Act, 28 U.S.C. § 1651(a), to regulate the extent to which abusive litigants can access the courts. *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir.1990). "[E]njoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take." *Id*. Because pre-filing orders "tread on a litigant's due process right of access to the courts," courts should issue them only upon careful consideration and in rare circumstances. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

Under *DeLong*, enjoining orders must: (1) Give the vexatious litigant adequate notice to oppose the order before entry; (2) Present an adequate record for review by listing the case filings which support the order; (3) Include a substantive finding as to the frivolous or vexatious nature of the litigant's filings; and (4) Be narrowly tailored to remedy only the plaintiff's particular abuses. *DeLong*, 912 F.2d at 1147–48.

Under the procedural history above, the Court concludes that Petrozzi has demonstrated a pattern of abusing his right to access the courts with numerous frivolous

filings that he has no intention of prosecuting. Thus, the Court orders Petrozzi to show cause why it should not enter a bar order as follows:

>(1) Petrozzi is prohibited from filing any civil action in the Western District of Washington unless the complaint or petition is accompanied by a signed affidavit stating under penalty of perjury that the complaint contains new allegations not previously litigated. Petrozzi may not proceed *in forma pauperis* in any § 1983 or *Bivens* action without a showing that he is in imminent danger of serious bodily injury or death. Any complaint or petition filed by Petrozzi that is not accompanied by a signed affidavit and/or an imminent danger showing will not be filed.

>(2) Any habeas petition that is not accompanied by the full filing fee or a completed application to proceed *in forma pauperis* will be filed by the Clerk in this case, No. C20-6000BHS, but no action will be taken on the document and no case will be opened.

>(3) Any habeas petition that is accompanied by the full filing fee or a completed application to proceed *in forma pauperis* will be docketed in this case, No. C20-6000BHS, and reviewed by the Court under the requirements of 28 U.S.C. § 1915(g), which will determine whether the case may proceed.

>(4) Any other document that appears to be a civil action and that is accompanied by the full filing fee will be docketed in this case, No. C20-

6000BHS, and reviewed by a judge of this court, who will determine whether the case may proceed.

(5) A copy of this pre-filing bar order will be docketed in the file of each case Petrozzi has filed in this District.

(7) This pre-filing bar order shall be in effect until further order of this Court. Petrozzi may, no earlier than October 15, 2022, petition the Court to lift this order, setting forth the reasons why such action is appropriate.

Therefore, Petrozzi is ORDERED TO SHOW CAUSE why the preceding pre-filing bar order should not be entered against him within fourteen (14) days. If Petrozzi fails to file a timely response to this order, the Clerk shall enter the pre-filing bar order regardless of further filings.  The Clerk shall also hold Petrozzi's 76 pending cases until further order of the Court.

**IT IS SO ORDERED**.

Dated this 15th day of October, 2020.

BENJAMIN H. SETTLE
United States District Judge