1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY ROBERT PETROZZI,

                    Plaintiff,

        v.

JAY INSLEE, et al.,

                    Defendants.

CASE NO. C20-6000BHS

ORDER OF DISMISSSAL

13      THIS MATTER comes before the Court on pro se plaintiff Timothy Petrozzi's

14  most recent Motion for Leave to Proceed *in forma pauperis*, Dkt. 82, supported by

15  Petrozzi's *seventy-six* mostly duplicative proposed civil rights complaints. Dkts. 6

16  through 81.

17      Petrozzi is a serial filer of frivolous pro se complaints. As a result, he is the subject

18  of a November 17, 2020 Bar Order in the Western District of Washington. *See* Dkt. 5 in

19  this case. The Bar Order requires Petrozzi to make an affirmative initial showing—under

20  penalty of perjury—that he seeks to litigate new claims not present in his earlier filings.

21  As a precondition to filing a § 1983 or *Bivens* claim in this District, Petrozzi is required to

22

ORDER - 1

1    demonstrate that he is in "imminent danger or serious bodily injury or death." If he fails

2    to do so his complaint "will not be filed." Dkt. 5 at p. 2.

3         None of Petrozzi's numerous recent filings make any of the required showings,

4    and a brief review of them demonstrates that he could not. He asserts a broad but

5    undefined conspiracy depriving "We the People" of "rights." Dkt. 82-1 at p. 1. His

6    primary claim seeks to "Stay Inauguration Based Upon Date Stamping" Dkt. 82-1 He

7    also seeks damages ranging from "$2,000,000,000 Billion" (Dkt. 6 at p. 1) to

8    "$39,952,902,717,500,820,814,193 Duodecillion" (Dkt. 81 at p. 1). Petrozzi's proposed

9    complaints are duplicative streams of consciousness and generalized grievances. Indeed,

10   the primary difference among his various claims appears to be the amount of damages he

11   seeks. None states a plausible claim against any defendant, and they do not clear this

12   Court's Bar Order. Even absent the Bar Order, the cases are facially frivolous.

13        A district court may permit indigent litigants to proceed *in forma pauperis* upon

14   completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has

15   broad discretion in resolving the application, but "the privilege of proceeding *in forma*

16   *pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*,

17   314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

18        A person is eligible to proceed *in forma pauperis* if they are unable to pay the

19   costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony,*

20   *Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted).

21   This generally includes incarcerated individuals with no assets and persons who are

22   unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, No.

1  2:16-cv-01209-APG-VCF, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016)

2  (granting petition based on unemployment and zero income); *Reed v. Martinez*,  No.

3  2:15-cv-00142-APB-PAL, 2015 WL 3821514, at *1 (D. Nev. June 19, 2015) (granting

4  petition for incarcerated individual on condition that applicant provides monthly

5  payments towards filing fee).

6       Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if

7  it appears from the face of the proposed complaint that the action is frivolous or without

8  merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations

9  omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is

10  frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*,

11  778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228

12  (9th Cir. 1984).

13       A pro se Plaintiff's complaint is to be construed liberally, but like any other

14  complaint it must nevertheless contain factual assertions sufficient to support a facially

15  plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic*

16  *Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). A claim for relief is

17  facially plausible when "the plaintiff pleads factual content that allows the court to draw

18  the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

19  556 U.S. at 678.

20       Ordinarily, the Court will permit pro se litigants an opportunity to amend their

21  complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*,

22  655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless

1    it is clear, upon de novo review, that the complaint could not be saved by any

2    amendment.").

3         Petrozzi has not met this standard, despite his numerous filings. Therefore,

4    Petrozzi's Motion for Leave to Proceed *in forma pauperis*, Dkt. 82, is **DENIED**. This

5    case and each of Petrozzi's "proposed complaints" or civil cover sheets (Dkts. 6–81,

6    inclusive) are **DISMISSED**. The Court **WILL NOT ACCEPT** any future filings that do

7    not comply with the terms of the Bar Order. The Clerk shall terminate any other pending

8    motions and close the case. No Judgment shall be entered.

9         IT IS SO ORDERED.

10        Dated this 26th day of January, 2021.

11

12

13                                  BENJAMIN H. SETTLE
                                    United States District Judge

14

15

16

17

18

19

20

21

22

ORDER - 4